■ LIZA C. DAWSON et al., Respondents, v ROBERT CAFIERO et al., Appellants. [739 NYS2d 190] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated April 23, 2001, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

While supervising a children's basketball game, the plaintiff Liza C. Dawson (hereinafter the plaintiff) sustained physical injuries when she stepped forward and bent down to retrieve an errant ball. The game was conducted upon an unpaved, stone-and-cinder-covered driveway on the defendants' farm. The plaintiff was a frequent visitor to the farm and was familiar with the driveway. According to the plaintiff's deposition testimony, as she stepped on a piece of stone or cinder, her ankle turned, and she injured her left knee.

While landowners have a duty to prevent the occurrence of foreseeable injuries on their premises, they are not obligated to warn against a condition on their land that could be readily observed by the reasonable use of one's senses (*see, Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664, 665; *Patrie v Gorton,* 267 AD2d 582). Readily observable conditions do not pose an unreasonable risk of injury (*see, Cortese v Paris Maintenance,* 255 AD2d 354; *Cimino v Town of Hempstead,* 110 AD2d 805, 806, *affd* 66 NY2d 709). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the condition of the unpaved driveway was open and obvious and well known to the plaintiff.

In opposition to the defendants' prima facie showing, the plaintiffs failed to establish the existence of a triable issue of fact. The Supreme Court providently exercised its discretion in rejecting the affidavits of two purported experts proffered by the plaintiffs, as they did not identify these experts in their pretrial disclosure, and served the affidavits after filing a note of issue attesting to the completion of discovery (*see*, CPLR 3101 [d] [1]; *Ortega v New York City Tr. Auth.*, 262 AD2d 470; *Mankowski v Two Park Co.*, 225 AD2d 673). In any event, the affidavits failed to raise a triable issue of fact. Accordingly, the defendants' motion for summary judgment should have been granted. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.