■ CAROLYN BUSH, Respondent, v BRENTWOOD VETERANS WAR MEMORIAL, INC., et al., Appellants. [755 NYS2d 99] —In an

action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated July 24, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she was a patron in the bar of the defendants' Veterans of Foreign Wars hall. One of her companions greeted her with a karate-type stance and she attempted to respond in kind with a "kung fu" style kick. As the plaintiff landed on the floor, one of her legs allegedly slipped on sawdust used in connection with an adjacent shuffleboard game, causing her to fall to the floor. During her deposition, she testified that she had observed the sawdust on the floor prior to engaging in the horseplay and described the alleged condition as "obvious."

A landowner has no duty to warn of a dangerous condition that can readily be observed with the reasonable use of one's senses (see Dawson v Cafiero, 292 AD2d 488 [2002], lv denied 98 NY2d 610 [2002]), particularly where the plaintiff was actually aware of the condition (see Sandler v Patel, 288 AD2d 459 [2001]). Since the sawdust upon which the plaintiff slipped and fell was readily observable by a reasonable use of her senses, and she saw and was aware of it prior to her accident, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.