■ FRANK PORTARO, Appellant, v TILLIS INVESTMENT COMPANY et al., Respondents. [757 NYS2d 606] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), entered April 12, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On July 17, 2000, the plaintiff, while cleaning out a storage area at his place of employment, allegedly sustained personal injuries when a halon tank in the storage area discharged. The plaintiff's employer leased the storage area from the defendant Tillis Investment Company (hereinafter the landlord). The plaintiff commenced this action to recover damages for personal injuries against the landlord and managing agents of the premises.

The defendants moved for summary judgment dismissing the complaint, contending that as an out-of-possession landlord and its agents, they did not create the defect which caused the plaintiff's injuries and had no actual or constructive notice of it. The defendants acknowledge that the halon tank was left behind by a prior tenant who vacated the premises in 1993. After the prior tenant vacated the building, the tanks were left behind, and the rooms where the tanks were located were demolished to accommodate new tenants. The tanks were moved to the storage area to accommodate the construction. Thereafter, the storage area was leased to the plaintiff's employer.

At the time of the accident, the defendants were preparing the area for new tenants. There were persons in the vicinity of the storage area engaged in demolition work overseen by the landlord's construction manager.

In opposition to the motion for summary judgment, the plaintiff submitted an affidavit from a registered fire protection engineer stating that the defendants were negligent in leaving the halon tank in the storage area, uncapped and unsecured to prevent it from falling over.

The Supreme Court, determined that the landlord's agents "did move the tank to the storage area years before." Nevertheless, the Supreme Court granted the defendants summary judgment on the grounds that there was "no proof that the alleged danger" was apparent to the defendants and that the affidavit of the plaintiff's expert stating the uncapped unsecured halon tank was dangerous "appears to lack probative value."

Contrary to the determination of the Supreme Court, the defendants, as movants, bore the burden of establishing their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). They failed to meet that burden. The evidence shows and the Supreme Court found that the defendants or their agents moved the uncapped and unsecured halon tank to the storage area. Thus, the defendants may have created a dangerous condition which caused the accident. The landlord failed to establish that it had relinquished possession and day-to-day control of the premises (*see Pastor v R.A.K. Tennis Corp.,* 278 AD2d 395 [2000]). Indeed, the evidence indicated otherwise.

Further, in support of their motion for summary judgment, the defendants failed to submit any evidence that the tank did not constitute a dangerous condition. As movants for summary judgment, they could not rely on alleged deficiencies in the plaintiff's opposition papers (*see Alvarez v Prospect Hosp., supra* at 324). Their allegation that the "only logical inference to be drawn" is that the plaintiff or his coemployee, "perhaps pulled the pin out and discharged [the tank]" is pure speculation.

In view of the foregoing, the defendants' motion for summary judgment dismissing the complaint should have been denied. S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.