■ ELADIO MARTINEZ, Respondent, v CITY OF NEW YORK, Respondent, FRANK TETRO et al., Appellants-Respondents, and ANTONIO TROCCHIA et al., Defendants and Third-Party Plaintiffs Appellants-Respondents. YONKERS CONTRACTING COMPANY, Third-Party Defendant-Respondent. [763 NYS2d 663] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs Antonio Trocchia, individually and doing business as Tony's Auto Body and Tony's Auto Body appeal from so much of an order of the Supreme Court, Kings County

(Bruno, J.), dated May 9, 2002, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, as granted the separate motion of the third-party defendant Yonkers Contracting Company for summary judgment dismissing the third-party complaint insofar as asserted against it, and as denied their separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants Frank Tetro and Antonio Tetro separately appeal from so much of the same order as granted the motion of the defendant City of New York for summary judgment dismissing the complaint and cross claims insofar as asserted against it, as granted the separate motion of the third-party defendant Yonkers Contracting Company for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it, and as, upon renewal, denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal by the defendants third-party plaintiffs Antonio Trocchia individually and doing business as Tony's Auto Body and Tony's Auto Body from so much of the order as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, without costs or disbursements, as they are not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the appeal by the defendants Frank Tetro and Antonio Tetro from so much of the order as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it and as granted the motion of the third-party defendant Yonkers Contracting Company which was for summary judgment dismissing the third-party complaint is dismissed, without costs or disbursements, as they are not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the third-party defendant Yonkers Contracting Company for summary judgment, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff allegedly sustained personal injuries when he fell while riding his bicycle on a public sidewalk in Brooklyn. According to the plaintiff, he fell from his bicycle after its tire

struck an empty tree well which was obscured by two vehicles parked on the sidewalk. The vehicles were parked in front of premises owned by the defendants Frank Tetro and Anthony Tetro (hereinafter the Tetros). The Tetros leased the premises to the defendant Antonio Trocchia, who operated a business known as Tony's Auto Body (hereinafter TAB) out of a garage and storefront on the premises.

Following the accident, the plaintiff brought this action against, among others, the City of New York, the Tetros, Trocchia, and TAB to recover damages for personal injuries. Trocchia and TAB commenced a third-party action against, among others, Yonkers Contracting Company (hereinafter Yonkers Contracting), which was a general contractor hired by the New York State Department of Transportation to renovate the Brooklyn-Queens Expressway in the area of the accident, and which often parked cars on the sidewalk in that area. Following discovery, the Tetros moved for summary judgment dismissing the complaint insofar as asserted against them. Trocchia and TAB also moved for the same relief. The City, inter alia, moved for summary judgment dismissing all cross claims insofar as asserted against it on the ground that the tree well was an open and obvious condition, and therefore, it had no duty to warn of its existence. Finally, Yonkers Contracting moved for summary judgment dismissing the third-party complaint insofar as asserted against it. In the order appealed from, the Supreme Court granted the motions of the City and Yonkers Contracting and denied the motions of Trocchia and TAB. We modify the order by denying the motion of Yonkers Contracting and otherwise affirm the order insofar as reviewed.

The Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the cross claims insofar as asserted against it. "While landowners have a duty to prevent the occurrence of foreseeable injuries on their premises, they are not obligated to warn against a condition on their land that could be readily observed by the reasonable use of one's senses * * *. Readily observable conditions do not pose an unreasonable risk of injury" (*Dawson v Cafiero,* 292 AD2d 488 [2002]; *see Bush v Brentwood Veterans War Mem.,* 302 AD2d 546 [2003]). Here, the City established a prima facie case that the tree well was an open and obvious condition, which was only obscured by the cars parked on the sidewalk. The City's prima facie showing was not refuted.

The Supreme Court properly denied the motion for summary judgment by Trocchia and TAB, as a triable issue of fact exists as to whether they were occupying the premises, and whether

they were responsible for the cars parked on the sidewalk (*see Infante v City of New York,* 258 AD2d 333 [1999]). Similarly, the Supreme Court properly denied the Tetros' motion for summary judgment, as a triable issue of fact exists as to the degree of control which they exercised over the premises (*see Portaro v Tillis Inv. Co.,* 304 AD2d 635 [2003]; *Pastor v R.A.K. Tennis Corp.,* 278 AD2d 395 [2000]).

However, the Supreme Court improperly granted the motion of Yonkers Contracting for summary judgment dismissing the third-party complaint insofar as asserted against it, as a triable issue of fact exists as to whether it was responsible for the cars parked on the sidewalk (*see* CPLR 3212 [b]; *see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.