■ BRENDA RAMSEY et al., Appellants, v MT. VERNON BOARD OF EDUCATION et al., Respondents. [821 NYS2d 651]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered February 17, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While landowners have a duty to prevent the occurrence of foreseeable injuries on their premises, they are not obligated to warn against a condition that could be readily observed by the reasonable use of one's senses (*see Dawson v Cafiero,* 292 AD2d 488 [2002]; *Moriello v Stormville Airport Antique Show & Flea*

*Mkt.,* 271 AD2d 664 [2000]; *Patrie v Gorton,* 267 AD2d 582 [1999]), and, was not inherently dangerous (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]). Here, the wet cafeteria floor upon which the plaintiff Brenda Ramsey (hereinafter the plaintiff) slipped and fell was readily observable by a reasonable use of the plaintiff's senses, and the condition of the floor being mopped with water was not inherently dangerous. Further, the plaintiff acknowledged that she saw the wet floor, was aware that it was being mopped immediately before she walked across it, and was aware that this was a daily occurrence. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Bush v Brentwood Veterans War Mem.,* 302 AD2d 546 [2003]; *Dawson v Cafiero, supra*).

The plaintiffs' remaining contentions are without merit. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.