MARY WOLFE, Plaintiff, v LONG ISLAND POWER AUTHORITY et al., Defendants, and MITCHELL LEVINE, Defendant and Third-Party Plaintiff-Appellant. IK TRUST, Third-Party Defendant-Respondent. [824 NYS2d 390]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated May 25, 2005, which granted the motion of the third-party defendant pursuant to CPLR 3211 (a) to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the third-party complaint is denied.

The plaintiff allegedly tripped and fell over a defective condition on a sidewalk adjacent to premises leased by the defendant third-party plaintiff, Mitchell Levine, and owned by the third-party defendant, IK Trust. In addition to leasing one of the office spaces in IK Trust's building, Levine also leased certain parking spaces, including one located directly in front of his office and accessed through a curb cut in the sidewalk. The lease required Levine to maintain in good repair "portions adjacent to the premises, such as sidewalks, driveways, lawns and shrubbery." IK Trust, however, retained a right of entry and inspection, as well as the right to perform any maintenance work deemed necessary, in its discretion, and to bill the cost of such work to Levine. The lease also contained a provision requiring Levine to hold IK Trust harmless "from any claims for damages, no matter how caused."

An out-of-possession landlord "may be found liable for failure to repair a dangerous condition, of which it has notice, on leased premises if the landlord assumes a duty to make repairs and reserves the right to enter in order to inspect or to make such repairs" (*Chapman v Silber,* 97 NY2d 9, 19 [2001]; *see Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 642 [1996]), or if it affirmatively creates the dangerous condition that results in injury (*see Portaro v Tillis Inv. Co.,* 304 AD2d 635 [2003]). Contrary to IK Trust's contention, we cannot conclude, as a matter of law, that the terms of the subject lease conclusively establish a defense to the allegations made in the third-party complaint (*see* CPLR 3211 [a] [1]; *cf. Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Fast Track Funding Corp. v Perrone,* 19 AD3d 362 [2005]). Moreover, the indemnity provision relied on by IK Trust is unenforceable because it purports to shift all responsibility for third-party claims to the tenant regardless of the landlord's own negligence (*see* General Obligations Law § 5-321; *Breakaway Farm, Ltd. v Ward,* 15 AD3d 517, 518 [2005]; *Gibson v Bally Total Fitness Corp.,* 1 AD3d 477, 479 [2003]). Construing the third-party complaint liberally and affording Levine the benefit of every possible favorable inference, we conclude that it states a viable cause of action (*see* CPLR 3211 [a] [7]; *Leon v Martinez, supra; Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Goldfarb v Schwartz,* 26 AD3d 462 [2006]).

Accordingly, the Supreme Court should have denied IK Trust's motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint.

IK Trust's remaining contentions are without merit.

Motion by the third-party defendant on an appeal from an order of the Supreme Court, Nassau County, dated May 25, 2005, inter alia, in effect, to strike stated portions of the record on appeal and the appellant's brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion dated February 6, 2006, that branch of the motion which was, in effect, to strike stated portions of the record on appeal and the appellant's brief on the ground that they contain or refer to matter dehors the record was held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was, in effect, to strike stated portions of the record on appeal and the appellant's brief on the ground that they contain or refer to matter dehors the record is granted, and pages 73 through 321 of the record on appeal and all references thereto in the brief are stricken and have not been considered in the determination of the appeal. Santucci, J.P., Mastro, Spolzino and Fisher, JJ., concur.