■ GERALDINE L. ORTNER, Appellant, v CITY OF NEW YORK, Defendant, and E.J. EXCAVATING COMPANY, INC., Respondent. (And a Third-Party Action.) [858 NYS2d 12]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered January 26, 2007, which granted defendant E.J. Excavating Company's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Respondent E.J. Excavating satisfied its burden of establishing prima facie entitlement to summary judgment with evidence that its repaving of the roadway in 1989 was satisfactorily performed and approved by the City. In opposition, plaintiff failed to raise a triable issue of fact. There was no evidence to support the conclusory opinion in plaintiff's expert's affidavit that plaintiff's accident was caused by a street pavement condition "due to the improper original placement of the asphalt pavement [i.e., the repaving work performed by respondent more than a decade earlier] or by failing to allow enough time for the asphalt to cure before re-opening the road to traffic." The speculative nature of this opinion is underscored by its contrast with the opinion set forth in his report, prepared five years earlier. The report concluded that the defect had been in existence for "at least several months," whereas the expert opined in his subsequent affidavit, as noted, that the condition had been in existence since the "original placement of the asphalt," over a decade earlier. There is no suggestion in the report, nor any evidence from which it can be inferred, that the condition could have existed for that length of time. Moreover,

the expert fails to rule out other causes of the alleged defect, such as the mere passage of time or heavy use of the road (see *Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362, 364 [1982]). Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.