ANNIE LAWSON, Respondent, v ONESOURCE FACILITY SER-VICES, INC., Appellant. [859 NYS2d 249]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, West-chester County (Giacomo, J.), entered January 30, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and the facts, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

While at her workplace, the plaintiff allegedly slipped and fell on a freshly mopped hallway floor. The plaintiff commenced this action against the defendant OneSource Facility Services, Inc. which provided janitorial services to the building, alleging that it had negligently performed its duties and caused her injuries.

At the close of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion on the ground that, in support of its contention that it did not owe the plaintiff a duty of care, the defendant had failed to establish, prima facie, that it had not entirely displaced the building owner's duty to safely maintain the premises, and because in opposition to the defendant's prima facie showing that it used reasonable care in how it cleaned the hallway floor, the plaintiff raised a triable issue of fact. We reverse.

Generally, an independent contractor will not be held liable for the injuries of noncontracting third parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). The plaintiff contends that two exceptions to this general rule are applicable to the instant case: "where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm . . . [and] where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140 [citations and internal quotation marks omitted]).

The defendant met its prima facie burden of establishing that it did not displace the building owner's duty to safely maintain the premises by submitting two affidavits from its vice-president of operations averring that the building owner retained its own operations and maintenance staff and that the defendant's employees took orders from that staff (*see Roveccio v Ry Mgt. Co., Inc.*, 29 AD3d 562, 562-563 [2006]; *Romeo v Ronald McDonald House*, 25 AD3d 681, 683 [2006]; *Hagen v Gilman Mgt. Corp.*, 4 AD3d 330, 331 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*cf. Rapone v Di-Gara Realty Corp.*, 22 AD3d 654, 656 [2005]).

Further, although the defendant did not establish prima facie that it did not create a dangerous condition, the wet hallway floor upon which the plaintiff allegedly slipped and fell was readily observable by a reasonable use of the plaintiff's senses, and the condition of the floor being mopped was not inherently dangerous (*see Ramsey v Mt. Vernon Bd. of Educ.*, 32 AD3d 1007 [2006]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.