██ CARLOS CORRALES et al., Respondents, v RECKSON ASSOCIATES REALTY CORP. et al., Appellants-Respondents, and ONE SOURCE FACILITY SERVICES, INC., Respondent-Appellant, et al., Defendants. [868 NYS2d 2]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered December 31, 2007, which denied the motion of defendants Reckson Associates Realty Corp., Reckson Management Group, Inc., Metropolitan 919 3rd Avenue LLC, H. Grant Limited Partnership and Rany Management Group, Inc. (collectively Reckson defendants) for summary judgment dismissing the complaint or, in the alternative, for conditional summary judgment on their cross claims for indemnification against defendant One Source Facility Services, Inc. (One Source), and denied One Source's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously modified, on the law, One Source's motion granted to the extent of dismissing the complaint as against it, and otherwise affirmed, without costs.

Plaintiff slipped and fell on an oily substance on the plaza outside of an office building owned or managed by the Reckson defendants, which had retained One Source to provide cleaning services for the interior and exterior of the building. Dismissal of the complaint on the basis that defendants lacked either actual or constructive notice of the hazardous condition, or that

there was a lack of evidence that an oily spot caused plaintiff to slip, was properly denied (*see e.g. Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Triable issues of fact regarding notice and causation were raised by the deposition testimony of a nonparty witness to plaintiff's fall, who stated that she had seen the oily spot and reported it to an agent of the building one or two days prior to the accident (*see Lorenzo v Plitt Theatres*, 267 AD2d 54, 55-56 [1999]).

However, dismissal of the complaint as against One Source is warranted, since none of the exceptions to the general rule that a contractor does not owe a duty of care to a noncontracting third party are applicable (*see e.g. Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). The record demonstrates that One Source's service contract with the Reckson defendants was not "comprehensive and exclusive" (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]) as to preventative maintenance, inspection and repair, and that the Reckson defendants' on-site property manager retained responsibility for and control over maintenance and safety of the premises (*see Lawson v OneSource Facility Servs., Inc.*, 51 AD3d 983, 984 [2008]; *Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57, 65-66 [2006]).

The court properly determined that issues of fact as to whether the Reckson defendants were negligent precluded granting them conditional summary judgment against One Source (*see Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 338 [2004]). Nor was One Source entitled to summary judgment dismissing the indemnification cross claims, because, as noted, the record presents questions regarding whether it had notice of the alleged oily condition and failed to remedy it. Concur—Tom, J.P., Saxe, Williams, Catterson and Moskowitz, JJ.