■ SUSAN REISS et al., Appellants, v ULSTER COUNTY AGRI-CULTURAL SOCIETY, Respondent. [910 NYS2d 164]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Mayer, J.), entered May 6, 2009, which, upon an order of the same court dated February 9, 2009, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On August 3, 2003, at approximately 11:00 P.M., Susan Reiss (hereinafter the injured plaintiff) allegedly sustained injuries when she slipped and fell on the ground at a county fair that was operated by the defendant on land owned by Ulster County. The injured plaintiff operated concession stands at the county fair, and had been present for each of the six days of the fair. Rain had fallen for a few days prior to the date of the incident, had continued on the date of the incident, the last day of the fair, and was still falling at the time of the incident. The grassy ground of the fairground was muddy and wet. The previous day, the injured plaintiff had noticed muddy areas on the fairground, and the defendant had spread hay on some parts of the fairground, including the area where the injured plaintiff's concession stands were located, in an effort to soak up some of the moisture.

The defendant established, prima facie, that the wet area upon which the injured plaintiff allegedly slipped and fell was readily observable by a reasonable use of the injured plaintiff's senses, and that the condition of the area was not inherently dangerous (*see Lawson v OneSource Facility Servs., Inc.*, 51 AD3d 983, 984 [2008]; *Ramsey v Mt. Vernon Bd. of Educ.*, 32 AD3d 1007 [2006]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Further, the injured plaintiff acknowledged, in her deposition testimony, that she knew the fairground area was wet, was aware that the defendant had placed hay on areas of the fairground the day before, and that it had been raining before and during the accident (*see Ramsey v Mt. Vernon Bd. of Educ.*, 32 AD3d 1007 [2006]). In opposition, the plaintiffs failed to

raise a triable issue of fact. The plaintiffs' contention, set forth only in the injured plaintiff's affidavit, that the presence of the hay created the dangerous condition which allegedly caused the injured plaintiff to slip and fall, was speculative (*see generally Ford v Domino's Pizza, LLC*, 67 AD3d 633 [2009]; *Wessels v Service Mdse.*, 187 AD2d 837 [1992]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of the foregoing determination, the parties' remaining contentions have been rendered academic. Skelos, J.P., Eng, Belen and Hall, JJ., concur.