■ PARVIN AMINI, Appellant, v ARENA CONSTRUCTION CO., INC., et al., Respondents, et al., Defendants. [972 NYS2d 236]—

Orders, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about August 12, 2011, which granted the respective motions of defendants Arena Construction Co., Inc. and the Halcyon Construction Corporation for summary judgment dismissing the complaint and any cross claims as against them, and order, same court and Justice, entered on or about August 12, 2011, which, to the extent appealed from, denied so much of plaintiff's cross motion as sought to strike defendants' answers, unanimously affirmed, without costs.

In this personal injury action arising from plaintiff's alleged trip and fall over a pothole in a crosswalk on 48th Street at Park Avenue, defendant contractors, Halcyon and Arena, made

a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence that they did not perform work connected to the defect at issue (*see Jones v Consolidated Edison Co. of N.Y., Inc.*, 95 AD3d 659, 660 [1st Dept 2012]; *Robinson v City of New York*, 18 AD3d 255, 256 [1st Dept 2005]). Although Arena contracted with Metro North to perform surface rehabilitation and underground structural repairs in the area of plaintiff's fall, the evidence shows that this work was not performed until after plaintiff's accident. Further, although Halcyon had a permit permitting it to create an opening large enough to encompass the crosswalk, the evidence shows that its work was performed at least 500 feet away from the crosswalk (*see Bermudez v City of New York*, 21 AD3d 258 [1st Dept 2005]).

Plaintiff's expert affidavit failed to raise a triable issue of fact, as his opinion was vague, speculative, and not based on the evidence adduced (*see Ortner v City of New York*, 50 AD3d 475 [1st Dept 2008]). Additionally, his site inspection occurred years after the accident, after the area had been repaved; accordingly, his observations have no probative value (*see Gilson v Metropolitan Opera*, 15 AD3d 55, 59 [1st Dept 2005], *affd* 5 NY3d 574 [2005]).

Plaintiff failed to demonstrate that facts essential to his opposition to the summary judgment motions may exist but could not be stated (CPLR 3212 [f]). The record shows that Halcyon performed no work at the crosswalk at issue, and plaintiff does not point to any item of outstanding discovery that might show otherwise. Although plaintiff demanded subterranean progress photographs and schematics from Arena, Arena submitted, in compliance with a prior court order, an affidavit explaining that, due to security concerns, those items could not be provided without permission from Metro North. In any event, the work logs from the project confirm that no structural work had been performed before plaintiff's accident, and the schematics of Arena's work are irrelevant as to timing.

The court properly denied plaintiff's cross motion to strike defendants' answers, as plaintiff failed to show that defendants had a willful and contumacious pattern of disobeying court orders and failing to comply with disclosure obligations (*see Marte v City of New York*, 102 AD3d 557, 558 [1st Dept 2013]). Concur—Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.