■ ELLEN BLUTH, Appellant, v BIAS YAAKOV ACADEMY FOR GIRLS et al., Respondents. [999 NYS2d 840]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated February 1, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a special education teacher employed by a private agency, slipped and fell while helping a student, who was attending the defendant Camp Chevra, run through a sprinkler on premises owned by the defendant Bias Yaakov Academy for Girls.

To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of duty owed by the defendant to the plaintiff, a breach of that duty, and resulting injury which was proximately caused by the breach (*see Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]; *Conneally v Diocese of Rockville Ctr.*, 116 AD3d 905 [2014]; *Rubin v Staten Is. Univ. Hosp.*, 39 AD3d 618 [2007]). While a property owner has a duty to maintain the property in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), the owner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Atehortua v Lewin*, 90 AD3d 794 [2011]; *Capozzi v Huhne*, 14 AD3d 474 [2005]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]).

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the wet condition of the asphalt caused by the sprinkler was an open and obvious condition which, as a matter of law, was not inherently dangerous (*see Atehortua v Lewin*, 90 AD3d 794 [2011]; *Reiss v Ulster County Agric. Socy.*, 78 AD3d 679 [2010]; *Espada v Mid-Island Babe Ruth League, Inc.*, 50 AD3d 843 [2008]; *Ramsey v Mt. Vernon Bd. of Educ.*, 32 AD3d 1007 [2006]; *Barbato v Hollow Hills Country Club*, 14 AD3d 522 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff's affidavit, which contradicted her earlier deposition testimony, merely raised what clearly appear to be feigned issues of fact, and, as such, was insufficient to defeat summary judgment (*see Blochl v RT Long Is. Franchise, LLC*, 70 AD3d 993 [2010]; *Amaya v Denihan Ownership Co., LLC*, 30 AD3d

327 [2006]; *Joseph v New York Racing Assn.*, 28 AD3d 105 [2006]; *Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]). Moreover, the plaintiff's expert's assertions, based on his inspection of the premises almost four years after the plaintiff's accident, were speculative, unsupported by the facts in evidence, and insufficient to raise a triable issue of fact (*see Grosskopf v 8320 Parkway Towers Corp.*, 88 AD3d 765 [2011]; *Houck v Simoes*, 85 AD3d 967 [2011]; *Lal v Ching Po Ng*, 33 AD3d 668 [2006]; *Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327 [2006]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.