■ MAUREEN SUMMERS, Respondent, v CHELSEA PIERS MANAGEMENT INC. et al., Defendants, MARINEMAX SERVICES, INC., et al., Appellants, and AMERICAN CRUISE LINES, INC., Respondent. [49 NYS3d 659]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 13, 2016, which denied the motion of MarineMax Services, Inc. and MarineMax Northeast, LLC (collectively MarineMax) for summary judgment dismissing the complaint and all cross claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

MarineMax established entitlement to judgment as a matter of law, in this action where plaintiff was injured when she fell while disembarking from a cruise ship that had docked at

Chelsea Piers. The record shows that the area of plaintiff's fall was not a part of the Chelsea Piers complex leased by MarineMax for their power boat dealership and small vessel marina. Plaintiff was also not a third-party beneficiary of MarineMax's contract with Chelsea Piers to operate and manage the nondemised portion of the marina (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Baulieu v Ardsley Assoc., L.P.*, 85 AD3d 554, 555 [1st Dept 2011]). The subject agreement was not a comprehensive and exclusive management agreement such to displace Chelsea Piers' duty to safely maintain the premises (*see Corrales v Reckson Assoc. Realty Corp.*, 55 AD3d 469 [1st Dept 2008]).

Because MarineMax neither owned, occupied, or controlled the pier where plaintiff's fall occurred, it was not a wharfinger (*compare Smith v Burnett*, 173 US 430, 434 [1899]; *Bouchard Transp. Co., Inc. v Tug Gillen Bros.*, 389 F Supp 77 [SD NY 1975]). In any event, the gap in the floating dock was known to the captain of the docking vessel, and thus no wharfinger duty to warn arose (*see Bunge Corp. v M/V Furness Bridge*, 558 F2d 790, 795 [5th Cir 1977], *cert denied* 435 US 924 [1978]). Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.