Troy v Grosso (2019 NY Slip Op 04987)





Troy v Grosso


2019 NY Slip Op 04987


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-07159
 (Index No. 56616/13)

[*1]Anthony Troy, appellant, 
v
Joseph Grosso, et al., respondents, et al., defendants.


Raneri, Light & O'Dell, PLLC, White Plains, NY (Kevin D. O'Dell of counsel), for appellant.
Thomas K. Moore (James J. Toomey, New York, NY [Kevin J. Philbin and Jason Meneses], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated May 31, 2017. The order granted the motion of the defendants Joseph Grosso and JD Food Services, LLC, doing business as Ice Palace Café, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On September 23, 2011, the plaintiff, a maintenance mechanic employed by the City of Yonkers, was injured while attempting to unclog a drain located inside an ice skating rink owned and operated by the City. The plaintiff suffered serious burns when the chemical substance he was using to unclog the drain "erupted" out of the drain and onto his person. The clogged drain was located within an area of the rink that was leased to the defendants Joseph Grosso and JD Food Services, LLC, doing business as Ice Palace Café (hereinafter together the café defendants), for food concession purposes.
The plaintiff commenced this personal injury action against, among others, the café defendants. Subsequently, the café defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
The café defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that they owed no duty of care to the plaintiff. The evidence established that the café defendants lacked ownership or control over the plumbing and drainage systems of the rink, which was owned and operated by the City, and there was no evidence that the drain blockage was created or exacerbated by the café defendants (see Mauskopf v 1528 Owners Corp., 102 AD3d 930, 930-932). The café defendants established that the plaintiff could not identify their alleged actions as the cause of his injuries without resorting to speculation (see Federico v Defoe Corp., 138 AD3d 682, 684; Braithwaite v Equitable Life Assur. Socy. of U.S., 232 AD2d 352).
The evidence submitted by the plaintiff in opposition was insufficient to raise a triable issue of fact. The plaintiff's affidavit, which contradicted his earlier deposition testimony, merely raised feigned issues of fact, and the assertions of the plaintiff's expert were speculative, unsupported by the facts in evidence, and insufficient to raise a triable issue of fact (see Bluth v Bias Yaakov Academy for Girls, 123 AD3d 866; Grosskopf v 8320 Parkway Towers Corp., 88 AD3d 765, 766).
Accordingly, we agree with the Supreme Court's determination to grant the café defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court