Colucci v Gas Land Petroleum, Inc. (2024 NY Slip Op 03877)

Colucci v Gas Land Petroleum, Inc.

2024 NY Slip Op 03877

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-04137
 (Index No. 54367/19)

[*1]Patricia Colucci, appellant, 
v
Gas Land Petroleum, Inc., et al., respondents, et al., defendants.

Finkelstein & Partners LLP, Newburgh, NY (George A. Kohl II of counsel), for appellant.
Goldberg Segalla LLP, Buffalo, NY (Meghan M. Brown of counsel), for respondent Gas Land Petroleum, Inc.
Maynard, O'Connor, Smith & Catalinotto, LLP, Saugerties, NY (Christopher J. McCune and Rosy Cheema of counsel), for respondent Vassar Snack Shop, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated April 5, 2023. The order, insofar as appealed from, granted the separate motions of the defendants Vassar Snack Shop, Inc., and Gas Land Petroleum, Inc., for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In October 2019, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell on property owned by the defendant Gas Land Petroleum, Inc. The defendant Vassar Snack Shop, Inc., allegedly leased part of the property to operate a convenience store. Gas Land Petroleum, Inc., and Vassar Snack Shop, Inc. (hereinafter together the defendants) separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court, inter alia, granted the motions and dismissed the amended complaint insofar as asserted against the defendants. The plaintiff appeals. We affirm, but on grounds different than those relied on by the court (see Sanchez v St. John's University, 224 AD3d 859).
The defendants each established their prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of the plaintiff, which demonstrated that she could not identify what had caused her to fall without engaging in speculation (see Sanchez-Trujillo v Beach 119, LLC, 225 AD3d 726; Buckstine v Schor, 213 AD3d 730, 731). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the affidavit of the plaintiff's husband was speculative inasmuch as he did not witness the plaintiff's fall and only surmised that it was caused by a purported defect on the property (see generally DiSanto v Spahiu, 169 AD3d 861, 863; Reiss v Ulster County Agric. Socy., 78 AD3d 679, 680).
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the amended complaint insofar as asserted against each of them.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court