McCord v GGP Staten Is. Mall, LLC (2026 NY Slip Op 50376(U))

[*1]

McCord v GGP Staten Is. Mall, LLC

2026 NY Slip Op 50376(U)

Decided on March 23, 2026

Supreme Court, New York County

Clynes, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 23, 2026
Supreme Court, New York County

Richard J. McCord, AS TRUSTEE TO THE CHAPTER 7 BANKRUPTCY ESTATE OF MARIA G. FICOLORA, Plaintiff,

againstGGP Staten Island Mall, LLC, AURORA CONTRACTORS, INC., BROOKFIELD PROPERTIES RETAIL INC., STATEN ISLAND MALL, ESTANI CONSTRUCTION CORP., Defendant.

Index No. 156609/2021

James G. Clynes, J.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 223, 224, 226, 227, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 299, 404, 410, 420, 423 were read on this motion to/for JUDGMENT - SUMMARY.
The following e-filed documents, listed by NYSCEF document number (Motion 009) 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 297, 298, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 405, 411, 421, 424 were read on this motion to/for SUMMARY JUDGMENT (AFTER JOINDER).
The following e-filed documents, listed by NYSCEF document number (Motion 010) 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 406, 407, 412, 422, 425 were read on this motion to/for JUDGMENT - SUMMARY.

Upon the foregoing documents, the motion by Third-Party Defendants RESTANI CONSTRUCTION CORP. seeking summary judgment and dismissal of all claims (Motion Sequence No. 8), the motion by Defendant/Third-Party Plaintiff AURORA CONTRACTORS, INC. seeking summary judgment and dismissal of all claims and cross-claims asserted against said defendant/third-party plaintiff in their entirety and summary judgment on its third-party claims for indemnification and insurance procurement as against third-party defendant Restani Construction Corp. for contractual indemnification, common law indemnification, and/or contribution, including an award of costs and attorneys' fees (Motion Sequence No. 9), and the motion by Defendants GGP STATEN ISLAND MALL, LLC, BROOKFIELD PROPERTIES RETAIL INC. and STATEN ISLAND MALL (hereinafter referred to collectively as the "Mall Defendants") seeking summary judgment in favor of the cross claims of GGP STATEN ISLAND MALL, LLC, BROOKFIELD PROPERTIES RETAIL INC. and STATEN ISLAND MALL, as against Defendant AURORA CONTRACTORS, INC., with prejudice, summary judgment in favor of the cross claims of GGP STATEN ISLAND MALL, LLC, BROOKFIELD PROPERTIES RETAIL INC. and STATEN ISLAND MALL, as against Defendant RESTANI CONSTRUCTION CORP, with prejudice, and summary judgment and dismissal of the cross claims of RESTANI CONSTRUCTION CORP, filed as against GGP STATEN ISLAND MALL, LLC, BROOKFIELD PROPERTIES RETAIL INC. and STATEN ISLAND MALL, for the same and similar reasons, with prejudice (Motion Sequence No. 10) are consolidated for disposition and are decided as follows:
Plaintiff seeks recovery for personal injuries sustained on August 18, 2018 when Plaintiff tripped and fell on the pavement of the parking lot of the Staten Island Mall located at 2655 Richmond Avenue, Staten Island, New York. The premises are owned by GGP Staten Island Mall, LLC (the Mall Defendants). The Staten Island Mall Expansion Project began in 2015, which included the construction of a new parking garage, which is where plaintiff fell. The Mall Defendants hired AURORA to be the general contractor for its expansion project, which included building a parking lot, in the summer of 2015 (NYSCEF Doc No 249). In October 2015, RESTANI was hired as a subcontractor on this project (NYSCEF Doc No 250).
A party moving for summary judgment bears the heavy burden of establishing a prima facie entitlement to judgment as a matter of law by eliminating all material factual issues from the case. Only if the movant meets this standard does the burden shift to the opposing party to demonstrate the existence of triable issues of fact requiring a trial. In determining a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and must deny the motion if there is any doubt as to the existence of a triable issue (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). However, mere conclusions, expressions of hope, or unsubstantiated allegations are insufficient to defeat a motion for summary judgment (see Zuckerman v New York, 49 NY2d 557, 562 [1980]).
Liability for failing to maintain premises in a safe condition must be based on occupancy, ownership, control, special use, statutory obligation, or contractual obligation (Jackson v Bd. of [*2]Educ. of NY, 30 AD3d 57, 60 [1st Dept 2006]). Here, it is undisputed that the Mall Defendants owned the subject premises and thus owed a general duty to the public to maintain it in a safe condition.
In general, recovery for negligent performance of a contractual duty is limited to an action for breach of contract, and a party to a contract is not liable in tort to non-contracting third parties (Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253 [2007] citing Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). The Court of Appeals has recognized only three exceptions to this general rule and held that a contractor may be held liable in tort to a non-contracting party in only the following three specific situations: (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, "launches a force or instrument of harm;" (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has "entirely displaced the other party's duty to maintain the premises safely" (Medinas v MILT Holdings LLC, 131 AD3d 121 [1st Dept 2015] quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]).
RESTANI's motion for summary judgment dismissing all claims against them is granted. RESTANI contends that they did not have a duty to Plaintiff at the time of the accident, that their work had been completed, and was approved by all parties. RESTANI further contends that they did not create the condition that caused the accident, nor did they have notice of the condition.
Defendant/third-party plaintiff AURORA's motion for summary judgment dismissing all claims against them is also granted in part. AURORA contends that they did not owe a duty to Plaintiff with respect to the alleged condition in the parking garage at the time of the alleged incident because they did not create the alleged condition, as they were not present after the parking garage was turned over to the Mall Defendants in November 2017 (NYSCEF Doc No 246). AURORA further contends that they were not contacted by the Mall Defendants or put on notice of any alleged condition related to this matter (NYSCEF Doc No 245, 246).
Defendants AURORA and RESTANI have established that they did not create the alleged hazard at issue here. Specifically, the testimony of Anthony Higgins, James Easley, Joseph Gallo, and Michael Morganelli, taken together with the Certificate of Occupancy, establish that the condition which allegedly caused Plaintiff's fall developed after RESTANI's work concluded (see Fernandez v 707, Inc., 85 AD3d 539, 540 [1st Dept 2011] where defendant established it did not create a misleveled tree well through testimony of its president that when work was completed, approximately one month before the accident, the tree well in question was level with the sidewalk and was approved by the property owner's senior project manager). AURORA and RESTANI have established that at the completion of the work on the parking garage in November 2017, it was turned over to the Mall Defendants (NYSCEF Doc No 202). There is no evidence that AURORA or RESTANI was advised of any corrective work needed on the garage (NYSCEF Doc No 247, 200). There is no showing that either party created the alleged dangerous condition or that they had actual or constructive notice of the condition. Constructive notice is generally found when the dangerous condition is visible, apparent and exists for a sufficient period to afford a defendant an opportunity to discover and remedy the condition (Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). Here AURORA and RESTANI established that by August 2018, when the alleged incident occurred, they had completed their work on the parking garage, the garage was handed back to the owners, and the garage was opened to the public (NYSCEF Doc No 200).
The facts presented here fail to fall within any of the three sets of circumstances that have [*3]been recognized as exceptions to the general rule (Espinal at 141). Neither AURORA nor RESTANI launched an instrument of harm which caused or contributed to the alleged accident as the alleged accident occurred after the parking garage had been completed. Plaintiff did not detrimentally rely upon AURORA or RESTANI's contractual obligations (see e.g. Gibson v Dynaserv Indus., Inc., 88 AD3d 1135 [3d Dept 2011] (finding that detrimental reliance claim was not viable since "[N]o evidence has been presented either that plaintiff knew that defendant was responsible for ice and snow removal on the premises or that she, in particular, as opposed to the community at large, was an intended beneficiary of the obligations that defendant assumed pursuant to this contract"). And finally, neither AURORA nor RESTANI displaced the Mall Defendants' obligation to maintain the premises in a safe condition (see Corrales v. Reckson Associates Realty Corp., 55 AD3d 469 (1st Dept. 2008)(cleaning services provider did not owe duty of care to plaintiff who slipped and fell on oily substance on plaza outside of office building where cleaning provider's contract with building owner and manager was not comprehensive and exclusive as to preventative maintenance, inspection and repair and on-site property manager retained responsibility for and control over maintenance and safety of premises). 
In opposition Plaintiff has failed to raise a triable issue of fact. Plaintiff relies on the report of Mr. Jeffrey Birnbach F.I.S.P., Assoc. A.I.A. in which he concludes that "the Defendants failed to provide a reasonable level of effort to ensure a safe and hazard free venue" (NYSCEF Doc. No. 263). Mr. Birnbach points to the Payment Application form sent by RESTANI dated June 30, 2018, to conclude that RESTANI performed work in the area where Plaintiff allegedly fell in the period immediately prior to the alleged incident. However, the payment application does not state when the items were completed by RESTANI, nor does it confirm when that work was performed (NYSCEF Doc No 263). And the explanation by Higgins in his deposition to this end indicates that the work did not necessarily take place during the pay period indicated on the form (NYSCEF Doc No 200). Mr. Birnbach's comments regarding the deposition testimony are speculative and unsupported by any evidentiary foundation and thus also fail to raise an issue of fact. The remaining elements of Mr. Birnbach's report are website segments relating to parking lot safety tips and maintenance that also fail to raise an issue of fact. Accordingly, Plaintiff's expert's opinion report is insufficient to demonstrate the existence of any material issue of fact (Ortner v City of NY, 50 AD3d 475 [1st Dept 2008]).
Also in opposition to AURORA and RESTANI's motions, and in support of their own motion for summary judgment, the Mall Defendants rely on the affidavit and supplemental affidavit of Andrew R. Yarmus, P.E., F.NSPE, an engineering expert (NYSCEF Doc No 293, 387). Mr. Yarmus contends that the asphalt was either installed with the condition or the asphalt deteriorated subsequent to the original installation due to the mixture. Mr. Yarmus also states that he was not provided with the reports from any third-party engineers who inspected the parking garage in 2017.[FN1]
However, there is no evidence to support Mr. Yarmus' conclusory opinion that Plaintiff's alleged accident was caused by a pavement condition due to improper installation or mixture. The speculative nature of this opinion is underscored by the fact that neither AURORA nor RESTANI were notified of any deficiencies in the parking garage [*4]pavement (NYSCEF Doc No 245). Further, Mr. Yarmus' inspection occurred six years after the alleged incident and is therefore not probative of whether the pavement contained the condition or whether the mixture was faulty, much less whether AURORA or RESTANI had notice of any such defect (see Garcia v Jesuits of Fordham, Inc., 6 AD3d 163 [1st Dept 2004]; see also Figueroa v Haven Plaza Hous. Dev. Fund Co., 247 AD2d 210 [1st Dept 1998] where court properly rejected as conclusory that part of expert's affidavit based on observation of walkway two years after accident). Mr. Yarmus' findings fail to establish a prima facie showing of entitlement to summary judgment in favor of the Mall Defendants. Accordingly, the Mall Defendants' motion for summary judgment in favor of their cross claims against AURORA and RESTANI is denied.
As the Court has found that AURORA and RESTANI are both entitled to summary judgment, the Court need not consider the arguments related to contractual indemnification.
The Court has considered the remaining arguments and find them unavailing.
Accordingly, it is
ORDERED that the motion by Third-Party Defendant RESTANI CONSTRUCTION CORP. seeking summary judgment in its favor and dismissal of all claims against it (Motion Sequence No. 8) is GRANTED; and it is further
ORDERED that the motion by Defendant/Third-Party Plaintiff AURORA CONTRACTORS, INC. seeking summary judgment in its favor and dismissal of all claims and cross-claims asserted against said defendant/third-party plaintiff (Motion Sequence No. 9) is GRANTED; and it is further
ORDERED that the motion by Defendant/Third-Party Plaintiff AURORA CONTRACTORS, INC. seeking summary judgment on its third-party claims for indemnification and insurance procurement as against third-party defendant Restani Construction Corp. for contractual indemnification, common law indemnification, and/or contribution, including an award of costs and attorneys' fees is denied as moot; and it is further
ORDERED that the motion by Defendants GGP STATEN ISLAND MALL, LLC, BROOKFIELD PROPERTIES RETAIL INC. and STATEN ISLAND MALL seeking summary judgment in favor of the cross claims of GGP STATEN ISLAND MALL, LLC, BROOKFIELD PROPERTIES RETAIL INC. and STATEN ISLAND MALL, as against Defendant AURORA CONTRACTORS, INC., with prejudice, summary judgment in favor of the cross claims of GGP STATEN ISLAND MALL, LLC, BROOKFIELD PROPERTIES RETAIL INC. and STATEN ISLAND MALL, as against Defendant RESTANI CONSTRUCTION CORP, with prejudice, and summary judgment and dismissal of the cross claims of RESTANI CONSTRUCTION CORP, filed as against GGP STATEN ISLAND MALL, LLC, BROOKFIELD PROPERTIES RETAIL INC. and STATEN ISLAND MALL, for the same and similar reasons, with prejudice (Motion Sequence No. 10) is denied; and it is further
ORDERED that the action is severed and continued against the remaining defendants; and it is further
ORDERED that Defendants AURORA and RESTANI are directed to serve a copy of this Decision and Order with Notice of Entry within twenty days; and it is further
ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further
ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are [*5]directed to mark the court's records to reflect the change in the caption herein; and it is further
ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).
This constitutes the Decision and Order of the Court.
DATE 3/23/2026JAMES G. CLYNES, J.S.C.

Footnotes

Footnote 1:Higgins testified that the owner hired two third-party inspectors, Langan Engineering and Municipal Testing, to inspect the paving in September/October of 2017 (NYSCEF Doc No 199).