■ ROBERT T. MASSUCCI, Appellant, v AMOCO OIL COMPANY, Respondent. [738 NYS2d 386] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the

Supreme Court, Nassau County (Mahon, J.), entered January 19, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff tripped and fell on a frayed rug in the vestibule of a building which was owned by Amoco Oil Company (hereinafter Amoco). The building was located on Amoco's seven-acre gas storage terminal. At the time of the accident, the terminal had been leased to Carbo Industries, Inc. (hereinafter Carbo), except for approximately half of the building at issue, which Amoco retained for its own use as office space. The plaintiff commenced this negligence action solely against Amoco.

The Supreme Court erred in granting Amoco's motion for summary judgment. Amoco failed to establish as a matter of law that it was an out-of-possession landlord with respect to the vestibule. The lease between Amoco and Carbo, which was submitted to the court, failed to establish that the vestibule was included in the portion of the building leased to Carbo. Assuming that Amoco was an out-of-possession landlord, Amoco failed to establish as a matter of law that it did not retain control over the vestibule. "Generally, an out-of-possession landlord's liability for injuries caused by defective or dangerous conditions upon leased premises hinges on whether the landlord has retained sufficient control over the premises to be held to have constructive notice of the condition" (*Stalter v Prudential Ins. Co. of Am.*, 220 AD2d 577, 578). Evidence that Amoco retained office space in the building and that its employees used the vestibule to exit and enter the building raises an issue of fact as to the joint responsibility of Amoco and Carbo for the maintenance of the vestibule (*see, Stalter v Prudential Ins. Co. of Am., supra; Curran v Newport Assoc.*, 57 AD2d 882; *see also, Brasby v Barra*, 156 AD2d 530).

Contrary to Amoco's contention, evidence that the condition of the rug was readily apparent raises a question of fact as to the plaintiff's possible comparative negligence and does not negate its duty to maintain its premises in a safe condition (*see, Chambers v Maury Povich Show*, 285 AD2d 440; *Morgan v Genrich*, 239 AD2d 919). Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.