■ MAUREEN KOLMEL-HAYES et al., Respondents-Appellants, v SOUTH SHORE CRUISE LINES, INC., Appellant, and NAUTICAL CRUISE LINES, INC., et al., Respondents. [806 NYS2d 649]—

In an action to recover damages for personal injuries, etc., the defendant South Shore Cruise Lines, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated November 15, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs separately appeal from so much of the same order as granted the separate motions of the defendants Nautical Cruise Lines, Inc., Nautical Belle Cruises, Inc., and Nautical Queen Cruises, Inc., and the defendants Mike's Party Boat Corp. and Captain Mike's, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant South Shore Cruise Lines, Inc. (hereinafter South Shore), established by evidence in admissible form that it had relinquished control of the subject premises to Majesty Enterprises, LLC, which agreed, by the terms of its lease, to repair and maintain the premises. By this evidence, South Shore met its burden of demonstrating, prima facie, that it was entitled to judgment as a matter of law *(see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Jackson v United States Tennis Assn.,* 294 AD2d 470, 471 [2002]). In response, however, the plaintiffs tendered evidence in admissible form that South Shore was not an out-of-possession landlord because it maintained an office on the premises, retained control over the premises, and had actual notice of the allegedly dangerous condition that caused the injuries *(see Massucci v Amoco Oil Co.,* 292 AD2d 351, 352

[2002]). By submission of this evidence, the plaintiffs established the existence of issues of fact requiring a trial of the action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Consequently, the Supreme Court properly denied South Shore's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Massucci v Amoco Oil Co., supra*).

The Supreme Court, moreover, properly granted the separate motions of the defendants Mike's Party Boat Corp. and Captain Mike's, Inc. (hereinafter collectively Mike's Boat defendants), and Nautical Cruise Lines, Inc., Nautical Belle Cruises, Inc., and Nautical Queen Cruises, Inc. (hereinafter collectively the Nautical defendants), for summary judgment dismissing the complaint insofar as asserted against them. Mike's Boat defendants and the Nautical defendants established, prima facie, their entitlement to judgment as a matter of law by tendering sufficient evidence in admissible form that they did not use or store the substances that allegedly caused the injuries on the subject premises (*see Winegrad v New York Univ. Med. Ctr., supra; Zuckerman v City of New York, supra; Abbenante v Tyree Co.*, 228 AD2d 529 [1996]). In response, the plaintiffs failed to establish the existence of a triable issue of fact (*see Abbenante v Tyree Co., supra*). Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.