# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1274**
**CA 12-00358**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

PIA THOMAS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DUNKIRK RESORT PROPERTIES, LLC,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (NATHAN C. DOCTOR OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (KATHLEEN J. MARTIN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Michael F. Griffith, A.J.), entered November 29, 2011 in a personal injury action. The order granted the motion of defendant Dunkirk Resort Properties, LLC for summary judgment and dismissed the complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendant Dunkirk Resort Properties, LLC is denied and the complaint against it is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained during the course of her employment at a hotel owned by defendant Dunkirk Resort Properties, LLC (Dunkirk Resort) and managed by her employer, nonparty S & K Hospitality, LLC (S & K). She now appeals from an order granting Dunkirk Resort's motion for summary judgment dismissing the complaint against it.

Supreme Court erred in granting Dunkirk Resort's motion insofar as it contended that it was an out-of-possession landlord and thus was not responsible for the allegedly dangerous condition that caused plaintiff's injuries. "To begin, we reject the out-of-possession landlord standard as applied by the court . . . as no leasehold was created by the agreement" between Dunkirk Resort and S & K (*Gronski v County of Monroe*, 18 NY3d 374, 379, *rearg denied* 19 NY3d 856). Although that agreement is called a "Lease Operating Agreement," such a designation alone does not make it a lease (*see Feder v Caliguira*, 8 NY2d 400, 404-405; *Women's Interart Ctr., Inc. v New York City Economic Dev. Corp.*, 97 AD3d 17, 21). Rather, it is a management

agreement concerning the hotel (*see generally Matter of Davis v Dinkins*, 206 AD2d 365, 366-368, *lv denied* 85 NY2d 804; *Slutzky v Cuomo*, 114 AD2d 116, 118, *appeal dismissed* 68 NY2d 663).  In addition, Dunkirk Resort's own submissions raise a triable issue of fact whether it was indeed an out-of-possession landlord, inasmuch as it maintained its principal address at the hotel (*see generally Kolmel-Hayes v South Shore Cruise Lines, Inc*., 23 AD3d 530, 530-531; *Massucci v Amoco Oil Co*., 292 AD2d 351, 352).  In sum, "[v]iewing all of the evidence in the light most favorable to the plaintiff, as we must on this motion for summary judgment, we cannot say . . . that, as a matter of law, [Dunkirk Resort] relinquished complete control of the [hotel] to [S & K]" (*Gronski*, 18 NY3d at 381).

With respect to the alternative ground for affirmance advanced by Dunkirk Resort (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y*., 60 NY2d 539, 545-546), namely, that it should have been granted summary judgment based on the exclusivity provision of Workers' Compensation Law § 11, we conclude that it failed to meet its burden of establishing the applicability of that dispositive defense as a matter of law (*see generally Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 594-595).  Although Dunkirk Resort and S & K have the same two members, one of those members testified at his deposition that the two companies were formed for different purposes, have their own bank accounts, and file separate tax returns (*see Longshore v Davis Sys. of Capital Dist*., 304 AD2d 964, 965; *Wernig v Parents & Bros. Two*, 195 AD2d 944, 945-946), and there is no evidence that either company is involved in the day-to-day operations of the other (*see Samuel*, 75 AD3d at 595).  We thus conclude that triable issues of fact remain with respect to whether Dunkirk Resort is the alter ego of S & K and therefore entitled to the protection of Workers' Compensation Law § 11 (*see Shelley v Flow Intl. Corp*., 283 AD2d 958, 960, *lv dismissed* 96 NY2d 937).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court