Agbosasa v City of New York (2019 NY Slip Op 00250)





Agbosasa v City of New York


2019 NY Slip Op 00250


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-04700
 (Index No. 9475/11)

[*1]Basherat Agbosasa, plaintiff-appellant, 
v
City of New York, respondent, B & R Concrete and Excavation Corp., defendant-appellant, et al., defendants (and a third-party action).


Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for plaintiff-appellant.
Law Office of Steven G. Fauth, LLC, New York, NY, for defendant-appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Tahirih M. Sadrieh of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant B & R Concrete and Excavation Corp. separately appeals, from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated December 18, 2015. The order granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is denied.
The plaintiff allegedly was injured when she fell into an uncovered access pit for an underground fuel tank located in the parking lot of premises owned by the defendant City of New York. The premises was operated as an athletic club by the defendant Fitmar Management, LLC (hereinafter Fitmar), pursuant to a license agreement between Fitmar and the City, acting through the Department of Parks & Recreation (hereinafter the Parks Department). On the morning of the plaintiff's fall, Fitmar's contractor, the defendant B & R Concrete and Excavation Corp. (hereinafter B & R), plowed the parking lot. B & R's snow plow purportedly pushed the metal cover, which allegedly was not flush with the asphalt, from the top of the access pit into a nearby snowbank, leaving the access pit uncovered prior to the plaintiff's fall.
The plaintiff commenced this action against, among others, the City, Fitmar, and B & R to recover damages for her alleged injuries. The City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing that it was an out-of-possession landlord with no obligation to maintain the premises. In an order dated December 18, 2015, the Supreme Court granted the City's motion. The plaintiff and B & R separately appeal.
Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition (see Gronski v County of Monroe, 18 NY3d 374, 379; Basso v Miller, 40 NY2d 233, 241). "That duty is premised on the landowner's exercise of control over the property, as the person in possession and control of property is best able to identify and prevent any harm to others'" (Gronski v County of Monroe, 18 NY3d at 379, quoting Butler v Rafferty, 100 NY2d 265, 270). Indeed, "[i]t has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property" (Ritto v Goldberg, 27 NY2d 887, 889).
We agree with the plaintiff and B & R that the license agreement granted Fitmar a license to use the premises, and not a leasehold interest (see Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation, 22 NY3d 648, 656). Thus, the standard applied to out-of-possession landlords is inapplicable here (see Gronski v County of Monroe, 18 NY3d at 379; Thomas v Dunkirk Resort Props., LLC, 101 AD3d 1721, 1721). Rather, the City, "as landowner, remains in presumptive control over its property and subject to the attendant obligations of ownership until it is found that control was relinquished" (Gronski v County of Monroe, 18 NY3d at 382).
The City failed to meet its prima facie burden of demonstrating that it relinquished control of the premises such that it owed no duty to the plaintiff to remedy the allegedly defective condition. While the license agreement assigned responsibility for maintenance of the premises, and specifically of the parking lot, to Fitmar, it vested the City with ultimate approval authority over Fitmar's operating procedures. The City had unfettered access to the premises and could sponsor or promote its own special events at the premises. The agreement required a yearly inspection of the premises by the City to determine the extent of any repairs to be performed by Fitmar, and the City was permitted to inspect the premises at any time and direct Fitmar to undertake repairs. The City could maintain field personnel at the premises to observe the means and methods of anticipated construction work by Fitmar, and also reserved the right for the City to perform construction or maintenance work at the premises at any time. Fitmar's former general manager testified at his deposition that the City conducted regular inspections of the premises, and that representatives of the Parks Department would often show up unannounced to conduct inspections.
Viewing the evidence in the light most favorable to the nonmoving parties, as we must on this motion for summary judgment (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932), it cannot be said as a matter of law that the City relinquished complete control of the premises to Fitmar such that it did not owe a duty to the plaintiff to remedy the allegedly defective condition (see Gronski v County of Monroe, 18 NY3d at 381-382; Waring v Sunrise Yonkers SL, LLC, 134 AD3d 488, 489; Thomas v Dunkirk Resort Props., LLC, 101 AD3d at 1721-1722; Deerr'Matos v Ulysses Upp, LLC, 52 AD3d 645, 645).
Further, the City failed to establish its prima facie entitlement to judgment as a matter of law on the alternative theories that it did not have actual or constructive notice of the allegedly defective condition, or that the plaintiff's accident did not result from a foreseeable risk, since the City failed to address those issues in its motion papers (see Monopoli v Food Emporium, Inc., 135 AD3d 716, 717-718; Polatsek v Congregation Bais Arye, 48 AD3d 438, 438).
Accordingly, the Supreme Court should have denied the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court