Pinck-Jafri v Marsh Realty, LLC (2020 NY Slip Op 02082)





Pinck-Jafri v Marsh Realty, LLC


2020 NY Slip Op 02082


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-11770
 (Index No. 605999/15)

[*1]Diana Pinck-Jafri, appellant,
v
Marsh Realty, LLC, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered September 10, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On March 12, 2015, the plaintiff, while exiting a cab, allegedly slipped and fell on an ice condition in the parking lot of a 7-Eleven store in Roslyn. The plaintiff commenced this personal injury action against the defendants, alleging that the defendants were negligent in, among other things, maintaining the parking lot area where the subject accident occurred. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
The Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. The defendant Marsh Realty, LLC (hereinafter Marsh Realty), failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that it was an out-of-possession landlord. Marsh Realty failed to show that it had no duty, contractual or otherwise, to maintain the premises, including the area of the parking lot where the plaintiff allegedly slipped and fell (see Azumally v 16 W. 19th LLC, 79 AD3d 922; Lalicata v 39-15 Skillman Realty Co. LLC, 63 AD3d 889, 890).
Moreover, the defendants failed to eliminate triable issues of fact as to whether they had a duty to maintain in a reasonably safe condition the area of the parking lot where the plaintiff allegedly slipped (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Simmons v Elmcrest Homeowners' Assn., 11 AD3d 447). They further failed to eliminate triable issues of fact as to whether they, or anyone on their behalf, caused, created, or exacerbated the ice condition upon which the plaintiff allegedly slipped and fell (see Viera v Rymdzionek, 112 AD3d 915; Braun v Weissman, 68 AD3d 797), and whether they lacked constructive notice of the alleged ice condition [*2](see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948; Quinones v Starret City, Inc., 163 AD3d 1020; Eksarko v Associated Supermarket, 155 AD3d 826, 827). Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint, the Supreme Court should have denied their motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court