Mallet v City of New York (2020 NY Slip Op 03220)





Mallet v City of New York


2020 NY Slip Op 03220


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-12699
 (Index No. 511878/16)

[*1]Lazaro Mallet, respondent, 
v
City of New York, et al., appellants, et al., defendant.


Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Joseph V. Cambareri of counsel), for appellants.
Douglas & London, P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York, New York City Economic Development Corporation, and Apple Industrial Development Corp. appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 28, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint, with leave to renew after the completion of discovery.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants City of New York, New York City Economic Development Corporation, and Apple Industrial Development Corp. for summary judgment dismissing the complaint is granted.
On November 9, 2015, the plaintiff allegedly was injured when he slipped and fell on an accumulation of ice created by a leaky pipe located inside the ceiling of a walk-in freezer. The plaintiff commenced this personal injury action against the City of New York, New York City Economic Development Corporation, Apple Industrial Development Corp. (hereinafter collectively the defendants), and another defendant, alleging, inter alia, that his injuries were caused by their negligent operation, management, maintenance, and control of the premises inside which the freezer was located.
The defendants moved for summary judgment dismissing the complaint, arguing, among other things, that the premises was leased to the plaintiff's employer, and as the out-of-possession landowner and its agents, they retained no control over the premises, and were not contractually obligated to repair the allegedly unsafe condition (see Green v City of New York, 76 AD3d 508, 509). The Supreme Court denied the defendants' motion with leave to renew after the completion of discovery. The defendants appeal.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Fox v Patriot Saloon, 166 AD3d 950, 951, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Here, where the complaint sounds in common-law negligence and the plaintiff does not allege the violation of a statute, the defendants [*2]demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they were an out-of-possession landlord that was not bound by contract or course of conduct to repair the allegedly dangerous condition (see Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946). The lease in this case specified that the "Landlord's Obligations do not include the performance nor the payment of the costs for . . . the maintenance, repair and/or replacement of Freezer System or the replacement of the Refrigeration System at any time."
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's "hope and speculation that evidence sufficient to defeat the motion might be uncovered during discovery was an insufficient basis to deny the motion" (Tedesco v Tedesco, 64 AD3d 583, 584; see Jackson v United States Tennis Assn., 294 AD2d 470, 471).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court