Pirozzi v Garvin (2020 NY Slip Op 03932)





Pirozzi v Garvin


2020 NY Slip Op 03932


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2019-04857
 (Index No. 610337/18)

[*1]Jean Pirozzi, appellant, 
v
Karen Garvin, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant. 
Keith J. Conway, Melville, NY (Kimberly von Arx of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered March 13, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendants Karen Garvin, Cynthia Van Sise-Foley, and Harold Bruce Van Sise.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendant Karen Garvin, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On August 5, 2015, the plaintiff allegedly was injured when she tripped and fell in the parking lot of a shopping center located in Woodbury. On August 2, 2018, three days before the expiration of the three-year statute of limitations (see CPLR 214[5]), the plaintiff commenced a personal injury action against the defendant Karen Garvin, who was an owner of the land upon which the shopping center was located. It is undisputed that the complaint incorrectly identified the location of the accident as "7979 Woodbury Road." In October 2018, the plaintiff served and filed a supplemental summons and amended complaint, which corrected the error in the original complaint by identifying the location of the accident as "7963 Jericho Turnpike through 7979 Jericho Turnpike," and added, among another defendant, Cynthia Van Sise-Foley and Harold Bruce Van Sise as defendants (hereinafter together the additional defendants, together with Garvin, the defendants), who were co-owners of the subject land with Garvin.
Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7), and 3013, to dismiss the amended complaint insofar as asserted against them, arguing that the amended complaint insofar as asserted against the additional defendants was time-barred by the three-year statute of limitations. The defendants further argued that the original complaint, though timely filed against Garvin, was not sufficiently particular to give Garvin notice of the occurrence because it "indicated that the incident occurred at the incorrect property," and that the "amended complaint against Garvin should be dismissed under CPLR . . . 3211(a)(7) and 3013 for failure to [*2]timely file within the Statute of Limitations." The defendants also contended that, in any event, dismissal of the amended complaint insofar as asserted against them was warranted pursuant to CPLR 3211(a)(7) since, as out-of-possession landlords, they had no duty to maintain or repair the subject property, which was leased by them to nonparty Stavan Shopping Center, Inc. (hereinafter Stavan, Inc.), pursuant to a ground lease dated October 8, 1976. Stavan, Inc., in turn, assigned the lease to nonparty Stavan Center.
In an order entered March 13, 2019, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the amended complaint insofar as asserted against them on the ground that "the submissions herein establish that the defendants own the underlying land, but not any improvements that were constructed thereon, and as such, the defendants are not responsible for the condition of the subject parking lot." The plaintiff appeals.
We disagree with the Supreme Court's determination that dismissal of the amended complaint insofar as asserted against the defendants was warranted pursuant to CPLR 3211(a)(1). A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 314; Leon v Martinez, 84 NY2d 83, 83). Here, the defendants' own affidavits do not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997), and the ground lease between them and Stavan, Inc., failed to utterly refute the plaintiff's factual allegations. "Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition" (Gronski v County of Monroe, 18 NY3d 374, 379; see McDermott v Santos, 171 AD3d 1158, 1159-1160). Although "a landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (Gronski v County of Monroe, 18 NY3d at 379), and, here, the lease required the lessee to "keep [the subject property] in good repair" and "make or cause to be made any and all repairs both inside and outside," the lease also gave the defendants the right to reenter the subject property and "perform and do such acts and things, and make such payments and incur such expenses as may be reasonably necessary to make . . . repairs to comply with the requirements" under the lease. Thus, the lease failed to conclusively establish a defense as a matter of law (see Wolfe v Long Is. Power Auth., 34 AD3d 575, 576; see also Yehia v Marphil Realty Corp., 130 AD3d 615, 616-617).
In addition, contrary to the defendants' contention, dismissal of the amended complaint insofar as asserted against them was not warranted pursuant to CPLR 3211(a)(7) for failure to state a cause of action. "On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87-88). However, "[a] court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d 1180, 1181; see CPLR 3211[c]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). Here, the affidavits and the other documents submitted by the defendants failed to establish as a matter of law that the plaintiff has no cause of action (see Leader v Steinway, Inc., 180 AD3d 886).
Nevertheless, we agree with the defendants that the Supreme Court should have granted that branch of their motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against the additional defendants as time-barred. As there is no dispute that the three-year statute of limitations (see CPLR 214[5]) had expired when the amended complaint was filed, the question of whether the additional defendants may be added as defendants depends on [*3]whether the relation-back doctrine applies (see CPLR 203[b]; Matter of Germain v Town of Chester Planning Bd., 178 AD3d 926, 927). To establish the applicability of this doctrine, a plaintiff must demonstrate that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with the original defendant; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well (see Buran v Coupal, 87 NY2d 173, 178; Weckbecker v Skanska USA Civ. Northeast, Inc., 173 AD3d 936, 937). "The linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982; see Buran v Coupal, 87 NY2d at 180). Here, the plaintiff failed to demonstrate that the relation-back doctrine applied inasmuch as she did not establish that the additional defendants had knowledge of the claim or occurrence within the applicable limitations period, and that her failure to name them as defendants in the original complaint was due to a mistake on her part (see Avila v Distinctive Dev. Co., LLC, 120 AD3d 449, 450; Flederbach v Fayman, 57 AD3d 474, 475; Cardamone v Ricotta, 47 AD3d 659, 660-661).
Contrary to the defendants' contention, however, with respect to Garvin, the fact that the statute of limitations had already expired when the amended complaint was filed does not warrant its dismissal insofar as asserted against her. It is undisputed that the original complaint naming only Garvin as a defendant was filed within the three-year statute of limitations. Significantly, though we disagree with the plaintiff's contention that the relation-back doctrine, which enables a plaintiff to "add [ ] either a new claim or a new party—after the statutory limitations period has expired" (Buran v Coupal, 87 NY2d at 177), enables her to correct the particular pleading error at issue, the question of whether or not she was permitted to amend the complaint without leave of court (see CPLR 3025[a]), to correct the address of the property at which the accident occurred was not raised by the defendants in their underlying moving papers or on appeal as a ground for dismissing the amended complaint insofar as asserted against Garvin. Thus, since the original complaint was superseded by the amended complaint, we need not address the defendants' contentions regarding the pleading deficiencies in the original complaint (see Morrow v MetLife Invs. Ins. Co., 177 AD3d 1288, 1288). In any event, we reject the defendants' contention that the original complaint was not sufficiently particular to give Garvin notice of the occurrence, despite that it listed the address of the subject property as "7979 Woodbury Road," instead of "7979 Jericho Turnpike" (see CPLR 3013).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against Garvin.
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court