Lamb v BOC Group, Inc. (2021 NY Slip Op 06351)





Lamb v BOC Group, Inc.


2021 NY Slip Op 06351


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-00303
 (Index No. 9327/14)

[*1]Dennis Lamb, respondent,
v
BOC Group, Inc., et al., appellants.


MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Jeffrey D. Sherwin of counsel), for appellants BOC Group, Inc., BOC Gases, Linde, LLC, Linde North America, Inc., and Linde, Inc.
Burke, Conway & Stiefeld, White Plains, NY (Thomas J. Burke and Carolyn Papp-Campbell of counsel), for appellant Eco-Bat New York, LLC.
Sobo & Sobo, LLP, Middletown, NY (Courtney Campbell and Mark Cambareri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants BOC Group, Inc., BOC Gases, Linde, LLC, Linde North America, Inc., and Linde, Inc., appeal, and the defendant Eco-Bat New York, LLC, separately appeals, from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated October 24, 2018. The order, insofar as appealed from by the defendants BOC Group, Inc., BOC Gases, Linde, LLC, Linde North America, Inc., and Linde, Inc., denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The order, insofar as appealed from by the defendant Eco-Bat New York, LLC, denied its separate motion for the same relief as to it.
ORDERED that the order is affirmed, with one bill of costs payable to the plaintiff by the appellants appearing separately and filing separate briefs.
On January 27, 2012, the plaintiff, an ironworker employed by nonparty Revere Smelting & Refining Corporation (hereinafter RSR), allegedly was injured while at work when he slipped and fell on ice on a walkway at property owned by the defendant Eco-Bat New York, LLC (hereinafter Eco-Bat), and operated by RSR. The plaintiff alleged that the ice condition was created when frost or ice that had formed on oxygen vaporizing equipment used in the smelting process had melted, resulting in an accumulation of water that refroze on the pavement in the area in which he fell. The plaintiff commenced this action against the defendants BOC Group, BOC Gases, Linde, LLC, Linde North America, Inc., and Linde, Inc. (hereinafter collectively the BOC/Linde defendants), and Eco-Bat to recover damages for personal injuries. The plaintiff alleged, among other things, that Eco-Bat owned the premises upon which his employer RSR operated the smelting business, and that the BOC/Linde defendants owned, installed, and maintained the vaporizing equipment provided to RSR.
Following discovery, the BOC/Linde defendants moved for summary judgment [*2]dismissing the complaint and all cross claims insofar as asserted against them on the ground, among others, that, as independent contractors not in privity with the plaintiff, they owed no duty of care to the plaintiff. Eco-Bat separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground, among others, that it was an out-of-possession landlord without notice of the dangerous condition. The Supreme Court denied the respective motions, and the BOC/Linde defendants and Eco-Bat separately appeal.
Contrary to the contentions of the BOC/Linde defendants, the evidence submitted in support of their motion failed to eliminate all triable issues of fact as to whether their oxygen vaporizing equipment created the ice condition upon which the plaintiff fell (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Moreover, given their submission of deposition testimony regarding the frequency of ice buildup on the equipment and the efforts of BOC/Linde personnel to remove ice in the surrounding area, a triable issue of fact exists as to whether the BOC/Linde defendants launched a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136) and had actual or constructive notice of the condition. Since the BOC/Linde defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them, the Supreme Court properly denied their motion without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Additionally, contrary to Eco-Bat's contentions, the Supreme Court properly rejected its claimed status as an out-of-possession landlord. The Facility Operation and Management Agreement between Eco-Bat and RSR, dated January 31, 2003, was not a lease, conveyed no interest in the subject real property, and did not preclude Eco-Bat from being present on the property. Rather, it was a management agreement concerning the operation of the smelting plant on the property (see Agbosasa v City of New York, 168 AD3d 794; Thomas v Dunkirk Resort Props., LLC, 101 AD3d 1721). Furthermore, Eco-Bat's submissions in support of its motion failed to establish, prima facie, that it had relinquished control over the premises to such a degree as to extinguish its duty to maintain the premises in a reasonably safe condition (see Agbosasa v City of New York, 168 AD3d at 796), or that it lacked constructive notice of the dangerous condition that caused the subject accident (see Pinck-Jafri v Marsh Realty, LLC, 181 AD3d 948, 949; St. John v Westwood-Squibb Pharms., Inc., 138 AD3d 1501, 1503; Zeppetelli v 1372 Broadway, LLC, 8 AD3d 665, 665). Since Eco-Bat failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it, the Supreme Court properly denied its motion without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court