Parapi v 470 W. 23 Assoc., LLC (2024 NY Slip Op 03056)

Parapi v 470 W. 23 Assoc., LLC

2024 NY Slip Op 03056

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-02551
 (Index No. 522923/19)

[*1]Carlos Parapi, respondent, 
v
470 West 23 Associates, LLC, appellant.

Molod Spitz & DeSantis, P.C., New York, NY (Robert A. Von Hagen of counsel), for appellant.
Ferro, Kuba, Mangano P.C., Hauppauge, NY (Michael N. Manolakis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J), dated March 25, 2021. The order, insofar as appealed from, in effect, upon renewal, adhered to a determination in an order of the same court dated November 17, 2020, denying that branch of the defendant's prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order dated March 25, 2021, is affirmed insofar as appealed from, with costs.
In October 2016, the plaintiff allegedly was injured when, as he was working in the kitchen of a restaurant located at 214 10th Avenue in Manhattan, he fell through a broken or defective trap door into the basement level. In October 2019, one day before the third anniversary of the accident, the plaintiff commenced this action against the defendant to recover damages for personal injures. The complaint erroneously identified the "subject premises" as being located at 358 West 44th Street.
The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the defendant did not own the premises identified in the complaint and thus owed no duty to the plaintiff. The plaintiff opposed the motion and cross-moved, inter alia, pursuant to CPLR 3025 for leave to amend the complaint to correct the address of the premises. By order dated November 17, 2020, the Supreme Court denied the defendant's motion as untimely, without prejudice to renewal, and granted the plaintiff's cross-motion.
The defendant thereafter moved, in effect, for leave to renew that branch of its prior motion which was to dismiss the complaint. By order dated March 25, 2021, the Supreme Court, inter alia, in effect, upon renewal, adhered to the original determination denying that branch of the defendant's prior motion which was to dismiss the complaint. The defendant appeals.
The statute of limitations applicable to personal injury action is three years (see id. § 214[5]). "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (id. § 203[f]).
Here, the plaintiff timely commenced this action against the owner of the correct premises by filing the complaint within three years after his accident. The complaint was deemed amended and served by the order dated November 17, 2020. The amendment corrected the address at which the plaintiff's injury occurred, but did not add any new defendants or allege any new causes of action. The complaint was therefore not rendered untimely by this amendment, as the defendant had sufficient notice of the occurrence (see Pirozzi v Garvin, 185 AD3d 848, 851).
"Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition" (Yehia v Marphil Realty Corp., 130 AD3d 615, 616 [internal quotation marks omitted]). However, "[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Mallet v City of New York, 184 AD3d 633, 633 [internal quotation marks omitted]). "Control is both a question of law and of fact" (Gronski v County of Monroe, 18 NY3d 374, 379).
Here, the lease between the defendant and a tenant did not "utterly refute[ ] [the] plaintiff's factual allegations" regarding whether the defendant had a duty to maintain the property, or "conclusively establish[ ] a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see CPLR 3211[a][1]; Pirozzi v Garvin, 185 AD3d at 850).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court