Grullon v 57-115 Assoc., L.P. (2024 NY Slip Op 03811)

Grullon v 57-115 Assoc., L.P.

2024 NY Slip Op 03811

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-06445
 (Index No. 502069/14)

[*1]Nerys Grullon, appellant,
v 57-115 Associates, L.P., et al., respondents, et al., defendant (and a third-party action).

Weiss & Akerman, New York, NY (Robert Weiss of counsel), for appellant.
Morrison Mahoney LLP, New York, NY (Laura R. McKenzie, Brian P. Heermance, and Annie Klootwyk of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated July 13, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendants 57-115 Associates, L.P., and Majestic Property Management Corp. which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants 57-115 Associates, L.P., and Majestic Property Management Corp. which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff allegedly was injured when she slipped and fell on torn rugs inside the entrance of an office building where she worked. The plaintiff commenced this action against the defendants 57-115 Associates, L.P., and Majestic Property Management Corp. (hereinafter together the defendants), who were the building owner and the building manager, respectively, and another defendant to recover damages for personal injuries. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were out-of-possession landlords. The Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
"A property owner has a duty to maintain its premises in a reasonably safe condition" (Edwards v Raymour & Flanigan Props., LLC, 203 AD3d 885, 886; see Yehia v Marphil Realty Corp., 130 AD3d 615, 616). "That duty is premised on the landowner's exercise of control over the property, as the person in possession and control of property is best able to identify and prevent any harm to others" (Gronski v County of Monroe, 18 NY3d 374, 379 [internal quotation marks omitted]). "It has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property" (Ritto v Goldberg, 27 NY2d 887, 889). "Thus, a landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (Gronski v County of Monroe, 18 NY3d at 379).
Here, the defendants failed to establish their prima facie entitlement to judgment as [*2]a matter of law dismissing the complaint insofar as asserted against them on the ground that they were out-of-possession landlords. Although the defendants submitted a lease establishing that a tenant leased the entire office building and was responsible for the maintenance of vestibules and entrances, the defendants' submissions also demonstrated that they maintained an office in the building and that, each work day, the defendants' employee used the building entrance where the plaintiff's slip and fall occurred. The defendants' submissions further demonstrated that this employee would report any defects in the building to the building's security, and the tenant would then remedy those defects. Under these circumstances, triable issues of fact exist as to the defendants' control of the subject property and whether they were out-of-possession landlords (see id.; Kolmel-Hayes v South Shore Cruise Lines, Inc., 23 AD3d 530; Massucci v Amoco Oil Co., 292 AD2d 351).
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court