L.R. v Evergreen Charter Sch. (2024 NY Slip Op 05998)

L.R. v Evergreen Charter Sch.

2024 NY Slip Op 05998

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-06002
 (Index No. 604542/18)

[*1]L.R., etc., et al., appellants,
v
Evergreen Charter School, et al., respondents (and third-party actions).

Schwartz Goldstone Campisi & Kates, LLP, New York, NY (Herbert Rodriguez, Jr., of counsel), for appellants.
McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for respondents.
Farber Brocks & Zane LLP, Garden City, NY (Charles T. Ruhl of counsel), for third-party defendant/second third-party plaintiff.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated July 19, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied, on the merits, the plaintiffs' cross-motion for leave to serve a late notice of claim upon the defendant Evergreen Charter School.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied, and the plaintiffs' cross-motion for leave to serve a late notice of claim upon the defendant Evergreen Charter School is denied as academic.
The infant plaintiff allegedly was injured while a student at the defendant Evergreen Charter School (hereinafter Evergreen) when she fell while using monkey bars on the playground. The infant plaintiff, by her mother, and her mother individually, commenced this action against Evergreen and the defendant Circulo de la Hispanidad, Inc. (hereinafter Circulo), the owner of the premises on which Evergreen was located, inter alia, to recover damages for personal injuries.
The defendants moved for summary judgment dismissing the complaint. They asserted that the complaint should be dismissed insofar as asserted against Evergreen because the plaintiffs were required to serve a notice of claim upon Evergreen and had failed to do so. The defendants further argued that the complaint should be dismissed insofar as asserted against Circulo because it was an out-of-possession landlord with no duty to the plaintiffs. Alternatively, the defendants sought summary judgment dismissing the complaint on the basis that they were not negligent in the happening of the accident. The plaintiffs opposed the motion and cross-moved for leave to serve a late notice of claim upon Evergreen in the event that a notice of claim was required to have been served.
By order dated July 19, 2021, the Supreme Court, among other things, granted the defendants' motion for summary judgment dismissing the complaint on the grounds that the plaintiffs had failed to serve a notice of claim upon Evergreen and that Circulo was an out-of-possession landlord. The court also denied, on the merits, the plaintiffs' cross-motion for leave to serve a late notice of claim upon Evergreen. The plaintiffs appeal.
Contrary to the defendants' contention, as explained in this Court's recent opinion and order in A.P. v John W. Lavelle Preparatory Charter Sch. (228 AD3d 138), Education Law § 3813(2) and General Municipal Law § 50-e do not require service of a notice of claim prior to commencement of a tort action against a charter school (see A.P. v John W. Lavelle Preparatory Charter Sch., 228 AD3d at 140). Accordingly, the defendants were not entitled to summary judgment dismissing the complaint insofar as asserted against Evergreen based upon the plaintiffs' failure to serve Evergreen with a notice of claim, and the plaintiffs' cross-motion for leave to serve a late notice of claim upon Evergreen was academic.
The plaintiffs also correctly contend that the defendants failed to demonstrate, prima facie, that Circulo was an out-of-possession landlord who owed no duty to the plaintiffs. "A property owner has a duty to maintain its premises in a reasonably safe condition" (Grullon v 57-115 Assoc., L.P., 229 AD3d 608, 609 [internal quotation marks omitted]; see Edwards v Raymour & Flanigan Properties, LLC, 203 AD3d 885, 886). "That duty is premised on the landowner's exercise of control over the property, as the person in possession and control of property is best able to identify and prevent any harm to others" (Gronski v County of Monroe, 18 NY3d 374, 379 [internal quotation marks omitted]). Thus, "[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Parapi v 470 W. 23 Assoc., LLC, 228 AD3d 679, 680 [internal quotation marks omitted]; Mallet v City of New York, 184 AD3d 633, 633 [internal quotation marks omitted]).
Here, although a lease between Evergreen and Circulo provided that Evergreen was responsible for the maintenance of the premises, the evidence submitted by the defendants on their summary judgment motion demonstrated that Circulo had an office and after-school program at the premises, that the chief director of services and operations for Circulo was also vice president of the board of directors of Evergreen, and that this individual as well as other employees of Circulo were often at the premises and would address property-related issues as they arose. Under these circumstances, triable issues of fact exist as to whether Circulo was an out-of-possession landlord entitled to summary judgment (see Grullon v 57-115 Assoc., L.P., 229 AD3d at 610; see also Gronski v County of Monroe, 18 NY3d 374, 382; Kolmel-Hayes v S. Shore Cruise Lines, Inc., 23 AD3d 530, 530-531).
Finally, contrary to the defendants' alternative contention, they were not entitled to summary judgment dismissing the complaint on the basis that they were not negligent in the happening of the accident. Among other things, in light of the expert evidence submitted by the parties, triable issues of fact exist as to whether the playground was in a dangerous condition due to the insufficiency of the mats placed underneath the monkey bars (see J.H.V. v Locust Val. Cent. Sch. Dist., 212 AD3d 865, 866). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied.
The defendants' remaining contentions are not properly before this Court.
LASALLE, P.J., IANNACCI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court